No. 3--96--0154

    _________________________________________________________________

                                    

                                 IN THE

                                    

                       APPELLATE COURT OF ILLINOIS

                                    

                             THIRD DISTRICT

                                    

                               A.D., 1996

                                    

THE PEOPLE OF THE STATE OF      )  Appeal from the Circuit Court

ILLINOIS,                       )  for the 13th Judicial Circuit

                                )  Bureau County, Illinois

     Plaintiff-Appellant,       )

                                )  No. 95--TR--5155, 95--TR--5156

     v.                         )      95--TR--5157

                                )

STEVEN L. PIERCE,               )  Honorable

                                )  James J. Wimbiscus,

     Defendant-Appellee.        )  Judge Presiding

_________________________________________________________________

JUSTICE McCUSKEY delivered the opinion of the court:

_________________________________________________________________

     The defendant, Steven L. Pierce, was arrested on charges of

driving under the influence of alcohol (625 ILCS 5/11--501(a)(2)

(West 1994)), driving while license suspended (625 ILCS 5/6--303(a)

(West 1994)) and failure to use lights when required (625 ILCS

5/12--201(b) (West 1994)).  The trial court granted the defendant's

motion to suppress a statement which he made after he was put in

custody but prior to the police informing him of his Miranda

rights.  The State appeals.  Following our careful review of the

record, we affirm.

     At approximately 4 a.m. on October 29, 1995, a Bureau County

deputy sheriff on patrol in Seatonville observed a motorcycle

coasting down a hill on Route 6 with no headlights on.  The

defendant pulled the motorcycle into a private drive and alighted

from the vehicle.  The officer approached the defendant and asked

to see his driver's license and motorcycle registration.  Upon

observing indications that the defendant was intoxicated, the

officer placed the defendant under arrest.  The defendant became

belligerent and uncooperative, and the officer handcuffed him and

placed him in the squad car.  The defendant was not given the

Miranda warnings at that time.

     After placing the defendant in the squad car, the officer

prepared to impound the motorcycle.  The defendant said he did not

want the vehicle to be impounded.  The officer told the defendant

he would not impound the motorcycle if it was properly registered

and insured.  The officer proceeded to question the defendant

concerning whether the motorcycle:  (1) belonged to the defendant;

(2) was registered to the defendant; (3) was insured; (4) had valid

license plates; and (5) should be towed.  In response to these

questions, the defendant said he drove the motorcycle to

Seatonville because a person named "Frog" was interested in

purchasing the motorcycle.

     Prior to his trial, the defendant moved to suppress his

statement that he had driven the motorcycle to Seatonville.  He

claimed the statement was involuntary because it was made during a

custodial interrogation and prior to the Miranda warnings.  The

State maintained that the statement was voluntary and not given in

response to any interrogation of the defendant.  The trial court

ruled that while the officer did not ask the defendant if he had

been driving the motorcycle, the officer did ask other questions

which might have elicited incriminating evidence.  As a

consequence, the court found the defendant was entitled to the

Miranda warnings prior to interrogation.  Because the defendant had

not received those warnings, the court suppressed the defendant's

statement that he drove the motorcycle to Seatonville.

     On appeal, the State contends that the trial court erred in

suppressing the defendant's statement.  We disagree.  

     Statements obtained from a person as a result of a custodial

interrogation are admissible at trial only if, prior to the

interrogation, the person is warned of his right to remain silent,

that any statement he makes may be used against him, that he has

the right to have an attorney present and that if he cannot afford

an attorney, one will be appointed for him.  See Miranda v. Arizo-

na, 384 U.S. 436, 469, 471, 476, 16 L. Ed. 2d 694, 720, 722, 725,

86 S. Ct. 1602, 1625, 1626, 1629 (1966).  An interrogation includes

any words or actions by police that are reasonably likely to evoke

an incriminating response.  Rhode Island v. Innis, 446 U.S. 291,

301, 64 L. Ed. 2d 297, 308, 100 S. Ct. 1682, 1689 (1980).  The

trial court's decision to suppress statements based on the lack of

Miranda warnings will be overturned only if the ruling is against

the manifest weight of the evidence.  People v. Jordan, 90 Ill.

App. 3d 489, 494, 413 N.E.2d 195, 198 (1980).

     In the instant case, both the State and the defendant agree

that the defendant was in custody at the time he made the

suppressed statement.  The issue is whether the conversation

between the arresting officer and the defendant was an

interrogation.  From our review of the record, we find that the

police officer's questions were reasonably likely to evoke an

incriminating response.  Depending on the defendant's answers

during the interrogation, the officer could have learned the

motorcycle was stolen, improperly registered, not properly insured,

or that the license plates were not valid.  Any incriminating

responses could have led to the filing of charges against the

defendant.  Because we determine that the questions could have

induced the defendant to incriminate himself, the officer was

required to warn the defendant pursuant to Miranda before

questioning him.  In this case, the officer failed to so warn the

defendant.  Accordingly, the defendant's statement was properly

suppressed by the trial court.

     For the reasons stated, the judgment of the circuit court of

Bureau County is affirmed.

     Affirmed.

     MICHELA, J., concurs.